JOHN T. BARNARD, as Temporary Administrator, etc., of ANN E. CROUSE, Deceased, Appellant, v. JOHN F. GRANTZ and Others, Respondents.

*Failure to obey a judgment — contempt — another judgment in another action, how far an excuse.*

In proceedings to punish a party for contempt it appeared that he was the defendant in an action in which a judgment was entered on the decision of the Court of Appeals, which directed him to deliver to the plaintiff in such action certain specified securities, which he had failed to do.

It was also shown that in an action in the Supreme Court, to which the plaintiff in the prior action was not a party, such defendant was removed as trustee and directed to transfer the securities in question to a trust company as a substituted trustee, and that in compliance with such judgment he had so transferred the securities, which transfer was made pending the prior litigation, and after a judgment in the trial court against the plaintiff, from which an appeal had been taken, and was then pending in the General Term, where it was subsequently reversed.

The court denied the motion to punish such defendant for contempt.

*Held,* that the order denying the plaintiff's motion was erroneous ;

That the plaintiff's judgment was in full force and effect, and that, as such defendant had not been relieved from it, the plaintiff had the right to enforce it to the same extent as any other judgment, and that his motion to punish such defendant for contempt should have been granted.

APPEAL by the plaintiff, John T. Barnard, as temporary administrator, etc., of Ann E. Crouse, deceased, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 28th day of April, 1894, denying the plaintiff's motion to punish the defendant Clinton W. Starkey for contempt.

*E. B. Barnum,* for the appellant.

*John J. Sullivan,* for Clinton W. Starkey, respondent.

CULLEN, J. :

The plaintiff recovered a judgment on the decision of the Court of Appeals that defendants forthwith deliver to him certain specified securities. With this judgment the defendants fail to comply, and a motion is made to punish defendant Starkey for contempt. He answers that in an action in this court in New York county, to which this plaintiff was not a party, he (Starkey) was removed as trus-

tee, and directed to transfer the securities to the People's Trust Company, as substituted trustee; that, in compliance with such judgment, he so transferred the securities. This transfer was made pending this litigation, after a judgment in the trial court against the plaintiff, which was then on appeal to the General Term, where it was reversed. The court denied the motion to punish for contempt, holding the plaintiff must seek relief in the New York action. This we think erroneous. The plaintiff's judgment is in full force and effect. The defendant Starkey has not sought to be relieved from it. The plaintiff has, therefore, the right to enforce it to the same extent as any other judgment. Had the transfer been made previous to the commencement of this action the defendant would have been compelled to plead that fact as a defense. If he failed to do so, and judgment went against him, he could not attack that judgment afterwards. The transfer being had pending the action, he could, after the decision at General Term, set up the fact by supplemental pleading. He could have secured perfect protection by application to have the new trustee made a party to this litigation, and by having the plaintiff made a party to the litigation in New York. He failed to take any steps to protect himself and now fails to comply with the judgment against him. We do not say that he may not obtain relief now by applying to open the judgment in this action and obtaining an order in the New York action for the transfer of the bonds to the plaintiff. But it is clear to us that it is the defendant who is embarrassed by the two judgments and who must seek relief, and not the plaintiff. The plaintiff has the right to stand on his judgment, and, having recovered it, cannot be compelled to bring a new litigation.

The motion might well have been held over to permit the defendant to apply for relief, but the absolute denial of the motion to punish for contempt practically abrogates the plaintiff's judgment.

The order appealed from should be reversed, with ten dollars costs and disbursements, and motion granted, but proceedings thereunder stayed for sixty days to enable defendant to apply for such relief in this action and in the New York action as he may be advised.

BROWN, P. J., and DYKMAN, J., concurred.

So ordered.